IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY BASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-08345 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Henry Bass has sued Defendant Portfolio Recovery Associates, LLC ("PRA"), a debt collection company, alleging that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Now before this Court is PRA's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) For the reasons discussed below, the motion is granted.

BACKGROUND

For purposes of the present motion, the Court accepts the facts alleged in the complaint as true and draws all inferences in Bass's favor. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Here, Bass alleges that, around November 17, 2016, PRA sent him a letter seeking to collect a debt he owed. (Compl. ¶¶ 14–17, Dkt. No. 1.) The letter offered to settle Bass's debt. (*Id.* ¶ 20.) It provided three payment options, specifying that the first payment must be received no later than December 16, 2016 and that "[w]e are not obligated to renew this offer." (*Id.* ¶¶ 20, 21.) On February 13, 2017, PRA sent a second collection letter. (*Id.* ¶ 23.) The second letter offered the same payment options as the first letter, but it specified that payment must be received no later than March 10, 2017. (Ex. D to Compl., Dkt. No. 1-1.) The second letter also stated that "[w]e are

not obligated to renew this offer." (*Id*.) In short, PRA's second letter contained essentially the same settlement offer as its first letter but with a later deadline.

Based on these allegations, Bass claims that PRA violated two provisions of the FDCPA: first, Bass contends that PRA violated 15 U.S.C. §§ 1692e(5) and e(10) because its first letter contained a false statement that the settlement offer would expire on December 16, 2016; and second, Bass contends that PRA's actions constituted an unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f. (*Id*. ¶¶ 27, 31, 33.) PRA now seeks to dismiss both claims.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facts that are "merely consistent with" a defendant's liability and conclusory statements are, by themselves, insufficient. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557). Instead, a claim may be considered plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### I.      Claims under 15 U.S.C. § 1692e

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" by a debt collector. 15 U.S.C. § 1692e. The provision expressly identifies "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt" as prohibited conduct. 15 U.S.C. §§ 1692e(5), (10). Whether a collection letter violates § 1692e is a fact-bound determination based on how an "unsophisticated

consumer" would perceive statements in the letter. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). Courts make the required determination based on the assumption that the unsophisticated consumer is uninformed, naïve, and trusting, but nonetheless possesses rudimentary knowledge of the financial world and reasonable intelligence, is wise enough to read collection letters with added care, and can make basic logical deductions and inferences. *See id.* Judges are not good proxies for unsophisticated consumers, and courts must take care before dismissing § 1692e claims at the motion to dismiss stage. *See id.* at 367. Thus, dismissal is appropriate only in cases where collection letters plainly, on their face, are not deceptive or misleading. *See id.* at 366.

In advocating for dismissal here, PRA argues that the collection letters about which Bass complains contained safe-harbor language created by the Seventh Circuit in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007). In *Evory,* the Seventh Circuit considered the question of whether there should be a safe harbor for a debt collector accused of violating § 1692e by making a settlement offer to a consumer. *Id*. at 772. The issue arose because debt collectors often send letters to consumers that offer to settle debts and state that the offer will expire at a certain date or that the offer represents a unique opportunity to settle the debt. *Id*. at 775. But in fact, debt collectors frequently renew their offers if consumers fail to accept the first offer. *Id*. While there is nothing improper about making settlement offers in general, the Seventh Circuit recognized a concern that unsophisticated consumers would operate on the mistaken assumption that they must accept the offer before the deadline or miss on the opportunity to settle their debt for less. *Id*. At the same time, as the *Evory* Court acknowledged, the settlement process would disintegrate if debt collectors had to disclose the consequences of consumers rejecting their initial offer. *Id.* The Seventh Circuit held that those concerns could be adequately addressed,

while still protecting unsophisticated consumers from receiving false impressions of their options, by including with the offer the following language: "We are not obligated to renew this offer." *Id.* at 776. The Seventh Circuit reasoned that "[t]he word 'obligated' [was] strong and even the unsophisticated consumer [would] realize that there [was] a renewal possibility but that it [was] not assured." *Id.*

The *Evory* Court also held that in certain situations a determination that a representation was not false, deceptive, or misleading under § 1692e could be treated as a matter of law and decided on the pleadings. *See id.* at 772, 776. For example, "[a] plaintiff might rest on the text of the communication, and have no other evidence to offer, and then if there was nothing deceptive-seeming about the communication the court would have to dismiss the case." *Id.* at 776. The same holds true when defendants use safe-harbor language. *See id.* at 777. In the present case, PRA's letters contain the exact language deemed to fall within the safe harbor for debt collectors in *Evory*. *See id.* at 776.

Bass nevertheless attempts to distinguish his case from *Evory* on the basis that, unlike in the plaintiff in *Evory*, he received two settlement offer letters from PRA. But there is no indication in *Evory* that the safe harbor would not apply to situations with multiple settlement letters. In fact, the Seventh Circuit expressly acknowledged the possibility that there might be more than one letter sent by the debt collector. *See id.* at 775 (noting that "frequently [debt collectors] renew their offers if the consumer fails to accept the initial offer")[1]

Bass also contends that his claims under § 1692e should survive in light of *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004). In *Goswami*, the plaintiff's

---

[1] Bass also argues that *Evory's* safe-harbor language provides protections for "a specific set of circumstances which are not at issue in this case." (Pl.'s Resp. at 7, Dkt. No. 22.) Yet Bass does not identify the "specific set of circumstances" or explain why the reference to those circumstances leads to the conclusion that *Evory* does not apply here.

4

claim under § 1692e(10) was based on a letter sent by a debt collector that contracted with a client to collect debt on a contingent-fee basis. *Id.* at 491. The letter stated that, "[e]ffective immediately, and only during the next thirty days, will [the debt collector's] client agree to settle your outstanding balance due with a thirty percent (30%) discount off your above balance owed." *Id.* at 492. The letter went on to inform the recipient that the settlement "must be received . . . no later than 30 business days from the date of th[e] letter," unless the consumer contacted the office "to make other arrangements." *Id.* In actuality, however, the debt collector was authorized to give consumers a 30% discount at any time, not just for a period of 30 days, and could offer an even bigger discount. *Id.* at 495. The Fifth Circuit reversed the district court's grant of summary judgment in favor of the defendant, finding that the debt collector's statements about the discount amount and the time to accept the offer were false or misleading. *Id.* at 496. But *Goswami* is a Fifth Circuit case decided prior to *Evory*—and so it has limited precedential value here. Furthermore, *Goswami* is factually distinguishable from the present case, as the alleged falsehood in the settlement offers in *Goswami* was not due to a debt collector repeating the same settlement offer while also clearly indicating that it is not obligated to renew the offer. Hence, Bass's argument is without merit.

      Bass further argues that his claim should survive because several district courts have held that an unenforced expiration date may constitute a false statement in violation of the FDCPA. *See Gully v. Arrow Fin. Servs., LLC*, No. 04 C 6849, 2005 WL 5915789 (N.D. Ill. June 8, 2005); *Jackson v. Nat'l Action Fin. Servs.*, No. 04 C 1805, 2004 U.S. Dist. LEXIS 28654 (N.D. Ill. Nov. 10, 2004); *Jones v. Risk Mgmt. Alternatives, Inc.*, No. 02 C 9392, 2003 WL 21654365 (N.D. Ill. July 11, 2003); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02 C 6886, 2003 WL 164227 (N.D. Ill. Jan. 23, 2003). But the cited district court decisions were all issued prior to the Seventh

Circuit's decision in *Evory* and concerned settlement letters that did not contain safe-harbor language. *See Gully*, 2005 WL 5915789 at *1; *Jackson*, 2004 U.S. Dist. LEXIS 28654 at *2; *Jones*, 2003 WL 21654365 at *1; *Pleasant*, 2003 WL 164227 at *1. Therefore, this argument also fails.

> II.  Claim under 15 U.S.C. § 1692f

Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f. PRA argues that Bass's claims under § 1692f should be dismissed because the complaint does not contain any allegations independent from his § 1692e claims to state a claim under § 1692f.

While *Evory* concerns safe-harbor language for § 1692e claims, not § 1692f claims, the Seventh Circuit's reasoning for the creation of a safe harbor for purposes of § 1692e is nonetheless instructive. Specifically, the *Evory* Court acknowledged that the settlement process would be disrupted if debt collectors had to disclose the consequences of consumers rejecting initial offers. *Evory*, 505 F.3d at 775. Thus, while consumers must be protected, debt collectors also should be able to make their settlement offers without elaborating on the consequences of consumers' rejections of those offers. The Seventh Circuit recognized the safe-harbor language as a way to reconcile those arguably competing interests. *Id*. at 776. What Bass asks this Court to do here—to allow his claim under § 1692f to proceed based on the same conduct that falls within the § 1692e safe harbor—would severely undermine the Seventh Circuit's solution in *Evory*. If Bass's § 1692f claim could proceed, then, to avoid being sued, debt collectors would have to do exactly what the Seventh Circuit said was disruptive to settlement process—*i.e.*, to disclose the consequences of consumer's rejecting initial offers. *Id*. at 775. This Court declines to create such

a work-around for the safe harbor established in *Evory*. Bass's claim under § 1692f cannot survive.

In reaching this conclusion, the Court does not mean to suggest that, in general, plaintiffs' claims under §§ 1692f and 1692e must stand or fall together. For example, in one of the cases cited in the parties' briefs, the court dismissed the § 1692f claim because the motion for summary judgment on the § 1692e claim was granted in favor of the plaintiff and the court held that the plaintiff could not gain double recovery by seeking relief again for the same harm under § 1692f. *See Rhone v. Med. Bus. Bureau, LLC*, No. 16 C 5215, 2017 WL 4875297, at *3 (N.D. Ill. Oct. 25, 2017). But other cases suggest that claims under § 1692f could proceed simultaneously with claims under § 1692e or even when claims under § 1692e have been dismissed. *See, e.g., Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (noting that if it was true that the debt collector sued the consumer after the statute of limitations on the claim had run, the collector's suit would violate FDCPA, and citing both §§ 1692e and 1692f); *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 762–65 (7th Cir. 2006) (holding that a plaintiff's claims under §§ 1692e and 1692f based on the same collection letter should not be dismissed); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565–66 (7th Cir. 2004) (same); *see also Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 989–90 (W.D. Wis. 2015) (allowing § 1692f claim to proceed even though § 1692e claim was dismissed due to defendant's conduct not falling within § 1692e scope). This Court does not necessarily disagree with any of those holdings.

Here, however, the controlling precedent creates a safe harbor under § 1692e for debt collectors who engage in the very conduct challenged by Bass under § 1692f. Allowing Bass's § 1692f claim to proceed would amount to a repudiation of that safe harbor. Therefore, Bass's claim under § 1692f is also dismissed.

### III. Attorney's Fees and Costs

PRA also asks this Court to award its attorney's fees and costs for having to defend against Bass's claims, which PRA views as unsupported by Seventh Circuit precedent. Courts have ample power to award attorney's fees to a party injured by a lawyer's fraudulent or vexatious litigation tactics. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Under 28 U.S.C § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[2] A district court has discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice," pursued a claim "without a plausible legal or factual basis and lacking in justification," or "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994); *Kapco Mfg. Co. v. C & O Enter., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).

PRA argues that fees should be awarded in the present case, relying on *Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832 (7th Cir. 2005). In *Riddle*, the debtor's counsel threatened to file a lawsuit under § 1692g based on the collection firm's letter to the debtor, unless the firm paid damages and attorney fees. *See id*. at 834. Instead of paying, the collection firm filed a declaratory judgment action asking a declaration that its collection letter did not violate § 1692g. *See id.* The district court granted summary judgment in favor of the collection firm, holding that its letter was virtually identical to § 1692g safe-harbor language established by Seventh Circuit

---

[2] PRA's motion does not specify the basis on which it seeks attorney's fees and costs. But the motion cites *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 837 (7th Cir. 2005), a case in which the Seventh Circuit considered an award of attorney's fees and costs under 28 U.S.C § 1927.

precedent, and imposed sanctions against debtor's counsel, finding that the counsel was trying to extort money by threatening litigation that had no chance of success. *See id.* The Seventh Circuit held that the district court did not abuse its discretion in imposing sanctions. *See id.* at 836.

*Riddle* is inapposite here. PRA does not claim that Bass's counsel attempted to extort money from them. And the established Seventh Circuit precedent of *Evory* concerned only the safe harbor for claims under § 1692e and did not address claims under § 1692f. Accordingly, the Court finds that the conduct by Bass's counsel does not reach the level of being unreasonable and vexatious and declines to award attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, PRA's motion to dismiss (Dkt. No. 12) is granted. Bass's claims are dismissed with prejudice. However, the Court denies PRA's request to award attorney's fees and costs.

ENTERED:

Dated: August 22, 2018

_____
Andrea R. Wood
United States District Judge

9